ABIGAIL ROSEN (NY Bar No. 4397048)
100 Pearl Street, Suite 20-100
New York, NY 10004-2616
Email: RosenAb@sec.gov
Telephone: (212) 336-0473 (Rosen)

Attorney for Plaintiff
Securities and Exchange Commission

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>   Plaintiff,<br><br>   v.<br><br>FRANK IGWEALOR, PATIENCE OGBOZOR, ALPHARIDGE CAPITAL, LLC, AMERICAN COMMUNITY CAPITAL, LP, GIVEMEPOWER, INC., KID CASTLE EDUCATIONAL CORPORATION, VIDEO RIVER NETWORKS, INC., LOS ANGELES COMMUNITY CAPITAL,<br><br>   Defendants. | Case No. 24-cv-09941-SRM-PD<br><br>**JOINT RULE 26(F) REPORT**<br>**Date: July 24, 2025**<br>**Time: 2:00 p.m.**<br>**Courtroom: 5D**<br><br>**Complaint Filed: Nov. 18, 2024** |

Pursuant to the Court's April 10, 2025 Order Setting Scheduling Conference (Dkt. 39), Plaintiff Securities and Exchange Commission ("SEC" or "Commission") and Defendants Frank Igwealor ("Igwealor"), Patience Ogbozor ("Ogbozor"), Alpharidge Capital, LLC ("Alpharidge"), American Community Capital, LP ("American Community Capital"), GiveMePower, Inc. ("GiveMePower"), Kid Castle Educational Corporation ("Kid Castle"), Los Angeles Community Capital ("LA Community Capital"), and Video River Networks, Inc. ("Video River Networks") (collectively, "the Defendants") (with the SEC, collectively, the "Parties") jointly submit this Rule 26(f) Report.

A.  **STATEMENT OF THE CASE**

**Plaintiff's Statement**

From at least June 2021 to the present, Igwealor engaged in a scheme to (1) obtain control of publicly-traded penny stock companies; (2) misappropriate funds from one such company for the purchase of a home; and (3) enrich himself through unlawful sales of stock in some of those companies.  Igwealor also made materially false statements to his broker and in filings with the Commission, in furtherance of these unlawful acts.  Each of the remaining Defendants participated in certain of these acts.  Specifically, in November 2021, Igwealor and Ogbozor (Igwealor's spouse), misappropriated over $2.2 million from Defendant Alpharidge, a subsidiary of Defendant GiveMePower, a publicly-traded company that they controlled.  They used the $2.2 million to purchase their personal residence in Playa del Rey, California and then papered the transaction by having Alpharidge issue them a $2.2 million mortgage.  Under the terms of the mortgage, no payments of principal or interest were due until 2031.  In violation of federal securities laws, the mortgage was not disclosed in Defendant GiveMePower's annual report filed with the Commission.  Igwealor then orchestrated sham transactions involving Kid Castle and Video River Networks, two other publicly-traded companies under his control, and LA Community Capital, a non-public entity controlled by Igwealor, to

obfuscate the original misappropriation, and avoid repayment.

In addition, from at least July 2021 through February 2022, Igwealor sold hundreds of millions of shares of three penny stock issuers he controlled, far in excess of volume limitations for stock sales by affiliates under federal securities laws. Igwealor sold the shares through accounts in his name and in the names of Alpharidge and American Community Capital, private companies he controlled, all through accounts which he controlled. In connection with the unlawful sale of stock of one issuer, Igwealor made fraudulent misrepresentations to his broker-dealer falsely disclaiming his control of that issuer.

**Defendants' Statement**

The SEC's Complaint was filed prematurely, at a time when no investor has suffered any losses. The Defendant Companies here all were positioned and aligned to engage in real estate investment. The real estate investment that makes up the bulk of the issues in this case was due to reach maturity in 2031, with substantial profit to accrue to Alpharidge Capital and its owners and investors. Instead of recognizing the structure of the investment, however, much of the Complaint focuses on the fact that Defendants Frank Igwealor and Patience Ogbozor had made no payments on the mortgage, even though the structure of the arrangement did not call for those payments until it ballooned at the end of the investment period. Since that is still years away, the real estate has gained in value, rendering the investment valuable and the investors without any losses. As far as concealment, the Defendants argue that they amended KidCastle's 10-K in 2021 to reflect the entire transaction that the SEC cites, thus mitigating disgorgement.

The remainder of the SEC's complaint focuses on Defendant Igwealor's Section 5 stock sales. Defendant Frank rescues failing companies by shedding their toxic debt, restructuring them and positioning them for private or public investment. Until they reach the investment stage, however, Mr. Igwealor himself typically provides the equity for these companies. In its Complaint, the SEC alleges that Mr.

2

1  Igwealor's attempts to recoup his earlier investment was unlawfully restricted. Mr.
2  Igwealor disputes this.
3        **B.    SUBJECT MATTER JURISDICTION**
4      This Court has jurisdiction over this action pursuant to Securities Act Section
5  22(a) [15 U.S.C. § 77v(a)] and Exchange Act Section 27 [15 U.S.C. § 78aa].
6        **C.    LEGAL ISSUES**
7  **Plaintiff's Statement**
8      In order to prove its case, the SEC does not anticipate any unusual legal issues.
9  However, during the investigation of the conduct that led to the instant Complaint,
10  Igwealor appeared for testimony twice.  At his second testimony, he began speaking
11  in "tongues" rather than answer the Commission's questions about his failure to
12  provide certain documents.  Thus, the Commission anticipates that there may be
13  difficulties obtaining relevant documents and/or testimony from Igwealor in civil
14  discovery, which could necessitate judicial intervention.
15
16  **Defendants' Statement**
17      The principal legal issues in this case will be whether the Defendants acted
18  with the requisite intent and knowledge, whether any omissions or misrepresentations
19  were material, whether they were made in connection with the purchase or sale of
20  securities. The Defendants have experienced difficulties locating certain documents
21  from years past, but that difficulty should not be construed as lacking in cooperation.
22        **D.    DAMAGES**
23      The Commission does not claim or seek damages.  Rather, the SEC seeks: (1)
24  a final judgment finding that Defendants committed the violations alleged in the
25  amended complaint, (2) injunctions against the Defendants preventing them from
26  committing future violations of the statutes and rules alleged in the complaint, (3)
27  disgorgement of ill-gotten gains from certain Defendants, (4) civil penalties from
28

certain Defendants, (5) permanent officer and director bars for Igwealor and Ogbozor, and (6) permanent penny stock bars for Igwealor and Ogbozor.

### E. PARTIES AND EVIDENCE

**The Parties**

The Plaintiff is the Securities and Exchange Commission, a United States government agency.

The Defendants are Igwealor, Ogbozor, Alpharidge (a California limited liability company), American Community Capital (a limited partnership headquartered in Los Angeles, California), GiveMePower (a Nevada-registered corporation), Kid Castle (a Delaware-registered corporation), LA Community Capital (a California-registered corporation), and Video River Networks (a Nevada-registered corporation). There are no subsidiaries or affiliates to any of the Defendants, and any parent is already a defendant in this action.

The parties do not believe at this time that any additional parties will be added to this action.

**Plaintiff's List of Potential Witnesses**

Plaintiff reserves the right to supplement this list. Plaintiff's currently known potential witnesses include:

Frank Igwaelor

Patience Ogbozor

Prince Ejike Arinze

Darrell Calloway

Ambrose Egbuonu

Sooah Gretz

John McKay

Jordan Lemire

Corinda Joanne Melton

Justo Mendez

1. Jennifer Rosebrugh
2. George Sharp
3. Kuldip Singh
4. Shannon Stefanik
5. Albert Garcia
6. Mitchell D. Hovendick
7. Laurie A. Acore
8. Nancy McConnell
9. Christopher E. Milton
10. Perpetual Emeana
11. Solomon Mbagwu
12. Caren Currier
13. Udo Ekekeulu
14. Frederick Bauman
15. Jay Shafer
16. Jason Carter
17. Trent Daniel

**<u>Defendants' List of Potential Witnesses</u>**

- Frank Igwaelor
- Patience Ogbozor
- Prince Ejike Arinze

**<u>Plaintiff's Key Documents</u>**

- The mortgage for Igwealor and Ogbozor's Playa del Rey home
- Documents showing that the mortgage was transferred away from Alpharidge in a series of transactions, ultimately to an entity wholly owned by Igwealor
- Trading records for Igwealor, Alpharidge, and American Community Capital showing trades in International Star (Ticker: ILST), JPX Global (Ticker: JPEX), and Tonner (Ticker: TONR)

1  - Records showing Igwealor's control of various entities involved in this matter, especially International Star (Ticker: ILST), JPX Global (Ticker: JPEX), and Tonner (Ticker: TONR)

- Igwealor and Ogbozor's testimony transcripts

**Defendants' Key Documents**

- Igwealor and Ogbozor testimony transcripts
- Defendants' SEC filings
- The mortgage and other documents relating to the Defendants' Playa del Rey property.

### F. INSURANCE

There are no relevant insurance policies in this matter.

### G. MANUAL FOR COMPLEX LITIGATION

At this time, the parties do not believe that all or part of the procedures of the Manual for Complex Litigation should be utilized.

### H. MOTIONS

The Parties do not believe that any motions will be filed to add other parties or claims, to file amended pleadings, to transfer venue, or to challenge the Court's jurisdiction.

### I. DISPOSITIVE MOTIONS

**Plaintiff's Statement**

The SEC anticipates that it will file a motion for summary judgment at the conclusion of discovery concerning (at the very least) its first claim for relief against Igwealor, Alpharidge and American Community for violations of Sections 5(a) and 5(c) of the Securities Act [15 U.S.C. §§ 77e(a) and 77e(c)].

**Defendants' Statement**

The Defendants do not expect to file a motion for summary judgment.

### J. STATUS OF DISCOVERY

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), the parties have exchanged initial

disclosures. On May 16, 2025, the SEC served its first request for the production of documents ("first request") on the Defendants. At Defendants' request, the SEC extended defendants time to respond to the first request until July 16, 2025. Defendants have not served any document requests on Plaintiff. Because of various sensitivities around producing the SEC's documents, the SEC generally requires a document request prior to producing documents in litigation, and, accordingly, has not produced any documents to the Defendants.

**K. DISCOVERY PLAN**

The SEC plans to take discovery primarily on the following subjects: the entering into and transfer of the mortgage on Igwealor and Ogbozor's personal home and the control of ILST, JPEX, and TONR. The SEC already has the trading records relevant to the Section 5 claims.

The Defendants believe that they will need to take discovery on the following subjects: SEC motivation in bringing this action, the value of the real estate investment at issue at the time of investment and at the end of the investment period, mitigation of damages.

The parties have agreed that depositions in this case will start no earlier than October 1, 2025. At this time, the parties anticipate that the majority of written discovery (excluding contention interrogatories) will be completed prior to the commencement of depositions. The parties reserve their right to serve additional written discovery requests after the commencement of depositions, particularly to address factual issues raised for the first time at depositions. Contention interrogatories may not be served until April 23, 2026. As per the attached schedule, the fact discovery cut-off date is April 23, 2026. No written discovery requests (with the exception of contention interrogatories) may be served after March 31, 2026 and all responses to written discovery requests (with the exception of responses to contention interrogatories) must be served by April 23, 2026.

At this time, the parties do not believe that discovery should otherwise be

7

limited except to the extent described herein and that no other applicable limitations should be changed or otherwise imposed.

### L. EXPERT DISCOVERY

At this time, the parties have not determined whether any expert testimony will be required. The parties have agreed that by no later than March 31, 2026, each party will disclose any subjects on which they anticipate providing expert testimony. And as described in the attached schedule, to the extent that the parties do submit expert testimony: (1) initial expert disclosures will take place on April 30, 2026; (2) rebuttal expert disclosures will take place on May 14, 2026; and (3) the expert discovery cut-off date will be May 28, 2026.

### M. SETTLEMENT CONFERENCE/ADR

The parties have engaged in initial settlement discussions but are not currently close to agreeing to settlement terms.

The parties agreed that the appropriate method to pursue a settlement in this case is for the Court refer the matter to a magistrate judge for purposes of alternative dispute resolution.

### N. TRIAL ESTIMATE

The parties believe that four (4) days will be required for trial, subject to reasonable stipulations. Both parties have requested a trial by jury.

### O. TRIAL COUNSEL

**Plaintiff's Counsel**

Abigail Rosen

Elisa Solomon

Todd D. Brody (*pro hac vice application forthcoming*)

**Defendants' Counsel**

Lucas A. Messenger

Timothy Cornell

### P. MAGISTRATE JUDGE

8

1  The parties do not consent to try the case before a magistrate judge.

2  **Q. INDEPENDENT EXPERT OR MASTER**

3  The parties do not believe that the Court needs to appoint either a master or an independent scientific expert, as the parties do not anticipate discovery disputes requiring a review of voluminous documents, a lengthy Daubert hearing, or a resolution of a difficult computation of damages.  Nor do the parties believe that numerous claims will have to be construed in connection with a motion for summary judgment.

**R. SCHEDULE WORKSHEET**

See attached.

**S.  CLASS ACTION**

Not applicable

**T.  PATENT CASES**

Not applicable

**U. OTHER ISSUES**

It is possible that the parties will require the assistance of a court interpreter as the individual defendants and several of the witnesses are Nigerian.  Igwealor and Ogbozor both speak English but their native language is Hausa and their

9

testimony may be best presented in their native tongue.

Respectfully submitted,

By: /s/ *Abigail E. Rosen*
SECURITIES AND EXCHANGE COMMISSION
Abigail Rosen
New York Regional Office
100 Pearl Street, Suite 20-100
New York, New York 10004-2616
(212) 336-0473 (Rosen)
Email: RosenAb@sec.gov

*Attorney for Securities and Exchange Commission*

DATED: July 9, 2025

By: /s/ Lucas A. Messenger
MESSENGER LAW APC

/s/ Timothy Cornell
Cornell Dolan, P.C.

*Attorneys for Defendants Frank Igwealor, Patience Ogbozor, Alpharidge Capital, LLC, American Community Capital, LP, GiveMePower, Inc., Kid Castle Educational Corporation, Los Angeles Community Capital, and Video River Networks, Inc.*

DATED: July 9, 2025

| | |
|---|---|
| 1 | **<u>SIGNATURE ATTESTATION</u>** |
| 2 | Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Abigail E. Rosen, attest that all |
| 3 | other signatories listed, and on whose behalf this filing is submitted, concur in the |
| 4 | filing's content and have authorized the filing. |
| 5 | |
| 6 | Dated: July 9, 2025 |
| 7 | |
| 8 | /s/ |
| 9 | Abigail E. Rosen |